IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID GREATHOUSE,

    Plaintiff,

v.                                      Case No. 20-cv-0613 RB-CG

DON DOUGLAS, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff David Greathouse's Prisoner Civil Rights Complaint. (Doc. 1.) Greathouse is incarcerated and is proceeding *pro se* and *in forma pauperis*. He alleges prison officials were deliberately indifferent with respect to dental care. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

**I.    BACKGROUND**[1]

Plaintiff is a detainee at the Cibola County Corrections Center (CCCC). On or about April 28, 2020, he requested dental care for a large cavity. (Doc. 1 at 2.) He saw the prison dentist the following day, who recommended a filling and a crown. (*Id.*) The dentist could not perform the work, however, due to a moratorium on open-mouth procedures. (*Id.*) Health and Safety Administrator (HSA) Don Douglas and Warden Luis Rosa enacted the moratorium in response to COVID-19. (*Id.*) Plaintiff submitted a second request for dental care on May 25, 2020. (*Id.*) He saw the dentist and dental assistant two days later, who again declined to provide a filling and crown due to the moratorium. (*Id.*) The dentist allegedly stated he was only allowed to perform

---

[1] For the limited purpose of this ruling, the Court accepts as true the facts in Plaintiff's Complaint.

extractions. (*Id.*)

Plaintiff filed a grievance at the end of May 2020, stating that he needed a filling before the cavity reaches the root of this tooth. (*Id.*) HSA Douglas denied relief and explained that certain dental work was restricted based "current health conditions." (*Id.* at 14.) Warden Rosa denied Plaintiff's grievance appeal. (*Id.*) Plaintiff alleges he suffered "further tooth infection decay disfigurement and a[n] [in]ability to properly eat and chew food without pain." (*Id.* at 12.) He further alleges that CCCC provides inadequate care to many inmates, including a man who died in 2020 from a septic infection on his foot. (*Id.* at 5.)

The Complaint seeks $80,000 for deliberate indifference to dental needs, due process violations, and equal protection violations. (*Id.* at 10.) The Complaint also seeks at least $10,000 in damages for medical malpractice. (*Id.*) Plaintiff names two Defendants, HSA Douglas and Warden Rosa. (*Id.* at 2.) Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## II.     STANDARDS GOVERNING INITIAL REVIEW

The Court has discretion to dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . , or . . . unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend should unless amendment would be futile. *Id.*

### III.   DISCUSSION

Plaintiff's constitutional claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising . . . [a] violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Tr.'s*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. Construed liberally, the Complaint raises deliberate indifference claims under the Eighth and Fourteenth Amendments along with a discrimination claim under the Equal Protection Clause. The Court will address each claim below.

#### A.   Deliberate Indifference to Dental Needs

As a pretrial detainee, Plaintiff's deliberate indifference claims are governed by the

Fourteenth Amendment's Due Process Clause. *See Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019). The Tenth Circuit evaluates such claims applying "an analysis identical to that applied in Eighth Amendment cases." *Id.*; *see also Strain v. Regalado*, 977 F.3d 984, 993 (10th Cir. 2020) (noting the two-prong test for deliberate indifference claims applies in cases brought by pretrial detainees).

"Deliberate indifference has objective and subjective components." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component is met if the "harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause." *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005) (quotations omitted). A medical need is considered sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quotations omitted). Dental care can qualify as a medical need under this test. *See Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980) (Prison officials must provide a "level of medical care which is reasonably designed to meet the routine and emergency health care needs of inmates," and this obligation includes the provision of dental care.).

To satisfy the subjective component, a plaintiff must show the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quotations omitted). A medical professional's "accidental or inadvertent failure to provide adequate medical care or negligent diagnosis or treatment of a

medical condition" cannot satisfy the subjective component of the test. *Ramos*, 639 F.2d at 575 (quotations omitted). This is true even if the medical judgment was "grossly negligent." *Mata*, 427 F.3d at 751.

The Complaint alleges prison officials delayed filling a large cavity and crowning Plaintiff's tooth due to COVID-19 precautions between April and June of 2020. "[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm," such as "a lifelong handicap, permanent loss, or considerable pain." *Mata*, 427 F.3d at 751 (quotations omitted). Because Plaintiff's exhibits contradict his allegations, it is unclear what harm, if any, he suffered because of the delayed dental work. Plaintiff includes an allegation regarding "further tooth infection tooth decay disfigurement and a[n] [in]ability to proper eat and chew food without pain," (sic) (*see* Doc. 1 at 12), but elsewhere he discusses what *could* happen as a result of the delay. (*See id.* at 11 (noting Plaintiff expressed concern that the cavity could reach the root and cause decay and sepsis), 16 (expressing the same concern in a grievance filed 14 days before Plaintiff drafted the Complaint).) Moreover, pain from delayed dental work can satisfy the objective component under some circumstances, but the meritorious cases typically involve considerable pain from broken teeth or exposed nerves. *See, e.g.*, *Brooks v. Colo. Dep't of Corrs.*, 715 F. App'x 814, 822 (10th Cir. 2017) (Plaintiff stated a claim and survived summary judgment where plaintiff suffered from a cracked tooth with "exposed nerves, resulting in great pain"); *Fresquez v. Minks*, 567 F. App'x 662, 667-668 (10th Cir. 2014) (finding there could be a sufficiently serious dental condition where the plaintiff had "broken teeth to the roots/nerves with chronic pain and suffering"); *Kanatzar v. Cole*, 2017 WL 5970836, at *8 (D. Kan. Dec. 1, 2017) (finding delay in filling cavities did not result in substantial harm); *Sayed v. Broman*, 2015 WL 1539772 at *2 (D.

5

Colo. Mar. 31, 2015), *aff'd*, 638 F. App'x 698 (10th Cir. 2016) (same). Plaintiff does not describe his pain level or specify whether the nerve was implicated. The Complaint therefore fails to meet the objective component of the deliberate indifference test.

As to the subjective component, the facts also fail to show Defendants (HSA Douglas and Warden Rosa) disregarded a serious, known harm. Plaintiff filed a grievance regarding the COVID-19 moratorium on open-mouth procedures, which went to both Defendants. (Doc. 1 at 13). Plaintiff stated he needs a filling and a crown before "the cavity reaches the root" and before he experiences "infection and root decay." (*Id.*) However, the only actual harm Plaintiff describes is "further pain and infection." *Id.* HSA Douglas denied the grievance based on "current health conditions," and Warden Rosa stated "I concur with medical since I cannot make a different decision." (*Id.* at 14.) An Incident Statement, which was issued before Defendants made their decision, states DDS Dr. Jackson "advised that this is not an emergency situation." (*Id.* at 17.) Construed liberally, and at a minimum, Plaintiff's filings show Defendants were aware of a cavity and some associated pain. Defendants may have also been relying on the advice of Plaintiff's dentist, who approved the delay in filling the cavity. *See Weatherford ex rel. Thompson v. Taylor*, 347 F. App'x 400, 403 (10th Cir. 2009) (analyzing deliberate indifference and noting prison officials may rely on the reasonable advice of medical providers). Either way, the Complaint and attachments do not show Defendants drew an inference that Plaintiff would be seriously harmed by the delay in non-emergency dental care due to COVID-19. The deliberate indifference claim will therefore be dismissed.

    **B.**    **Equal Protection Claim**

Plaintiff also alleges the COVID-19 moratorium on open-mouth procedures violates the Equal Protection Clause. (Doc. 1 at 4.) The policy contained an exception for tooth extractions,

though Plaintiff notes any extraction would also require the patient's mouth to be open. (*Id.*) To state an equal protection claim, Plaintiff must show he was "treated differently from others who were similarly situated to [him]," and Defendants acted with discriminatory intent. *Carney v. Okla. Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017); *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). Conclusory allegations regarding different treatment will not suffice; plaintiffs must allege specific facts showing how "similarly situated individual[s]" have "been given . . . different or more beneficial treatment." *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009). *See also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1323 (10th Cir. 2010) ("vague and conclusory allegations, without any specific facts" regarding differential treatment are insufficient to support equal protection claim). There are no specific allegations that Plaintiff was treated differently with respect to the COVID-19 dental policies or other inmates who needed a filling/crown. Accordingly, the equal protection claim fails, and the Court will dismiss the Complaint for failure to state a cognizable federal claim.

    **C.**    **Leave to Amend**

*Pro se* prisoners should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Plaintiff may file an amended complaint within 30 days of entry of this Order. The Court will decide whether to exercise supplemental jurisdiction over Plaintiff's state law claim for medical negligence after reviewing his amended federal claims. If Plaintiff declines to timely amend, the Court will dismiss his federal claims with prejudice and his state negligence claim without prejudice.

    **IT IS ORDERED** that Plaintiff David Greathouse's Prisoner Civil Rights Complaint (**Doc.**

7

1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e); and Plaintiff may file an amended complaint within 30 days of entry of this Order.

_____
ROBERT C. BRACK
SENIOR UNITED STATES DISTRICT JUDGE