## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DAVID GREATHOUSE,

     Plaintiff,

v.                                                    No. 20-cv-0613 RB-KRS

DON DOUGLAS, *et al.*,

     Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court following Plaintiff David Greathouse's failure to file an amended complaint as directed. He is incarcerated, *pro se*, and proceeding *in forma pauperis.* The original Complaint (Doc. 1) alleges prison officials were deliberately indifferent with respect to dental care. According to Plaintiff, he requested dental care in 2020 for a large cavity. (Doc. 1 at 2.) The prison dentist recommended a filling and crown, but he could not perform the work due to a moratorium on open-mouth procedures. (*Id.*) Health and Safety Administrator (HSA) Don Douglas and Warden Luis Rosa enacted the moratorium in response to COVID-19. (*Id.*) An exception allegedly existed allowing the dentist to perform extractions.  Documents attached to the original Complaint indicated DDS Dr. Jackson "advised that [Plaintiff's situation was] not an emergency." (*Id.* at 17.) Plaintiff continued to request the filling and crown, citing pain, trouble chewing, and the risk of root decay/sepsis, but he did not immediately obtain care. The original Complaint seeks at least $80,000 from HSA Douglas and Warden Rosa for deliberate indifference to dental needs, due process violations, and equal protection violations. (*Id.* at 10.)

By a ruling entered July 26, 2022, the Court screened the original Complaint and determined it failed to state a cognizable federal claim. (*See* Doc. 9 (Screening Ruling).) *See also* 28 U.S.C.

§ 1915(e) (requiring *sua sponte* screening of *in forma pauperis* complaints). Because the original Complaint's facts contradict the exhibits, it was unclear what harm, if any, Plaintiff suffered because of the delayed dental work. *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) ("[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm," such as "a lifelong handicap, permanent loss, or considerable pain.") (quotations omitted). The original Complaint also fails to show Defendants were subjectively aware of a serious risk of harm. Defendants may have been aware of a cavity and some associated pain, but they may also have relied on the advice of Plaintiff's dentist, who stated the dental work was not an emergency. *See Weatherford ex rel. Thompson v. Taylor*, 347 F. App'x 400, 403 (10th Cir. 2009) (analyzing deliberate indifference and noting prison officials may rely on the reasonable advice of medical providers). The Court therefore dismissed Plaintiff's Eighth Amendment claim without prejudice. Plaintiff's equal protection claim was also dismissed, as he failed to show differential treatment with respect to COVID-19 dental policies.

Consistent with *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* invited Plaintiff to amend his claims within 30 days of entry of the Screening Ruling. The Court reserved ruling on whether to exercise supplemental jurisdiction over Plaintiff's state negligence claim until after reviewing any amended federal claims. Plaintiff was warned that if he failed to timely file a single, amended complaint, the Court would dismiss all federal claims with prejudice and dismiss the state negligence claim without prejudice.  The deadline to comply was August 26, 2022. Plaintiff did not amend his complaint or otherwise respond to the Screening Ruling. Accordingly, the Court will dismiss all federal claims and decline to exercise supplemental jurisdiction over the state negligence claim.

**IT IS ORDERED** that all federal claims in David Greathouse's Prisoner Civil Rights Complaint (**Doc. 1**) are **DISMISSED with prejudice**; any state law negligence claim set forth in that Complaint (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE